NEAFIE, The JACOB G. See Case No. 7,156.

NEAL, In re. See Case No. 1,406.

NEAL v. BECKWITH. See Case No. 1,406.

## Case No. 10,065.

### NEAL v. GREEN.

[1 McLean, 18.][1]

Circuit Court, D. Tennessee. June Term, 1829.[2]

COURTS — FEDERAL PRACTICE — FORCE OF STATE DECISIONS—DIFFERENT CONSTRUCTION BY SUPREME COURT.

1. The courts of the United States adopt as a rule of decision, the settled construction of the statutes of the state, by its supreme court.

2. But where the supreme court of the United States have maturely adopted such construction, and the state court afterwards gives a different construction of the same statute, it is deemed more respectful to the supreme court of the Union, for the circuit court to hold their decision as binding, until the question shall be reviewed in that court.

3. The rule adopted, however, requires the courts of the United States to follow, in the construction of statutes, the supreme court of the state.

[This was an action in ejectment by Henry Neal against Asa Green for possession of certain real estate.]

Mr. Washington, for plaintiff.

Craighead & Yerger, for defendant.

OPINION OF THE COURT. The plaintiff has brought his action of ejectment to recover possession of a certain tract of 640 acres of land; and the defendant sets up the statute of limitations in bar of the action. The lessor of the plaintiff has shown a regular deduction of title from the patentee to himself; and the defendant exhibited a deed for the same land from Andrew Jackson to Dillon, and introduced evidence conducing to prove that persons claiming under and for Dillon, had held possession adverse to the plaintiff more than seven years before the commencement of the suit. To decide this case, a construction of the statute of limitations of 1815, of North Carolina, adopted by Tennessee, and one passed by Tennessee in 1797, must be given. The first statute provides "that no person or persons, or their heirs, which hereafter shall have any right or title to any lands, tenements, or hereditaments, shall thereunto enter or make claim, but within seven years thereafter his, her or their right or title shall descend or accrue; and, in default thereof, such person or persons so not entering or making default, shall be utterly excluded and disabled from any entry or claim thereafter to be made." And also that "all possessions held without suing such claim as aforesaid, shall be a perpetual bar against all, and all manner of persons whatever, that the expectation of heirs may

not in a short time leave much land unpossessed," &c. The act of 1797 provides that in order to settle the "true construction of the existing laws respecting seven years possession" "that in all cases wherever any person or persons shall have had seven years' peaceable possession of any land by virtue of a grant or deed of conveyance founded upon a grant, and no legal claim by suit in law shall be set up to said land within the above term, that then and in that case the person or persons so holding possession as aforesaid, shall be entitled to hold possession in preference to all other claimants," &c.

The question here is, whether as the defendant has failed to show that the deed under which he holds possession, is connected with a grant, he brings himself within the provisions of the statute. And the counsel for the plaintiff refers to the case of Patton v. Easton, 1 Wheat. [14 U. S.] 446, and the case of Powell v. Harman, 2 Pet. [27 U. S.] 340, as conclusive of the question. The supreme court in the first case say, "it has been decided that a possession of seven years is a bar only when held under a grant or a deed founded on a grant." The deed must be connected with the grant. This court concurs in that opinion. A deed cannot be "founded on a grant" which gives a title not derived in law or equity from that grant; and the words founded on a grant are too important to be discarded. The decision of the case referred to in 2 Pet. 340, is in accordance with this one; and we think both decisions carry out and give effect to the intention of the legislature. Indeed, the language of the act of 1797, would seem to admit of no other construction. The important words "founded upon a grant," being used in connection with the deed, would seem to require proof of the grant, as well as of the deed, and that they should be connected by intermediate conveyances. But it is insisted that since the decisions of the supreme court under this statute, the supreme court of Tennessee have by several adjudications, settled the construction of these statutes, that it is not necessary to show a grant or a title connected with a grant, by a person who claims the benefit of the statute. That the statute only requires the party who sets up the statute as a bar, to show a deed for the land, and that it has been granted. This appears now to be the settled construction of the statute, and the supreme court of the United States must adopt it, under their rule to follow the construction of a state statute which has been given by the supreme court of the state. And, although in this instance it may require of the supreme court of the Union, to give a different construction of these statutes from what they have given in the cases cited; they must adhere to the rule.

It is important that there should be but one rule of property in a state, and if this

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

[2] [Reversed in 6 Pet. (31 U. S.) 291.]

rule depends upon the construction of a statute of the state, as in the present case, it must be adhered to by the supreme court of the United States, under all the modifications which may be given to it by the supreme court of the state. But, nowithstanding this view, we think it would be more respectful for this court to consider themselves bound by the construction which has been given to those statutes by the supreme court of the United States, in order that the case may be brought before that tribunal for another adjudication. We, therefore, instruct the jury that according to the present state of decision in the supreme court of the United States we cannot charge that defendant's title is made good by the statute of limitations.

The jury found the defendant guilty of the trespass and ejectment in the declaration stated, and a judgment was entered on the verdict.

A writ of error was brought on this judgment, and it was reversed on the ground above suggested. 6 Pet. [31 U. S.] 291.